UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY MATTHEW FERGUSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12111** |
| **STATE OF LOUISIANA** | **SECTION: "F"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Terry M. Ferguson, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. He was charged with and pleaded guilty to numerous offenses in the Orleans Parish Criminal District Court. On direct appeal, the Louisiana Fourth Circuit Court of Appeal concisely summarized the various offenses and dispositions:

> Ferguson was charged, in two separate bills of information, with a total of fifteen counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. The first case, … Orleans Parish CDC No. 478-091 …, consisted of three counts of theft of property valued at over $500. In pleading guilty, Ferguson admitted to stealing $55,700 from Ernestine Magee, $43,886 from Patricia Waters, and $19,012 from Lawrence Carr. The companion case, … Orleans Parish CDC No. 477-265 …, consisted of twelve counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. From this set of victims Ferguson admitted to stealing, respectively: $31,794 from

>Walter Martin and placed a $2,470.01 lien on his house; $30,000 from Katherine Abrams and placed a $3,763.77 lien on her house; $35,000 from Beverly Martin; $33,000 from Maggie Raiford (a/k/a Maggie Rayford) and placed a $6,668 lien on her house; $21,225 from Mildred Bonner; $52,000 from Gilbert and Denise Collins and placed a $5,129.47 lien on their house; $30,600 from Troy Holmes and Lintrell Phillips and placed a $2,015.09 lien on the house; $17,000 from Jacqueline Muse; $33,788 from Marlin Johnson; $40,000 from Kirk Robinson; $12,750 from Arylus Scott Slush; $17,000 from Pamela Burkes; and $63,048 from Patricia Wexler.
>....
>Ferguson initially pled not guilty to the charges; however, after a preliminary hearing, where the district court found probable cause to sustain the charges, Ferguson elected to plead guilty as charged to all counts in each bill of information. In … Orleans Parish CDC No. 478-091 …, Ferguson was sentenced to 10 years at hard labor and assessed a $3,000 fine on each count, to be served concurrently with each other and consecutively with the sentences in case No. 477-265. As to the twelve counts of theft in … Orleans Parish CDC No. 477-265 …, he was sentenced to 10 years at hard labor and assessed a $3,000 fine on each of the counts, to be served concurrently with each other. As to the misapplication of payments by a contractor count, he was also sentenced to 18 months at hard labor, to be served consecutively with the theft sentences and the sentences imposed in case No. 478-091. In total, the court sentenced him to serve 21 ½ years of hard labor and $3,000 in fines for each of the fifteen counts of theft over $500.[1]

Petitioner appealed his sentences, and the Louisiana Fourth Circuit Court of Appeal affirmed the state district court's judgment.[2] On January 28, 2011, the Louisiana Supreme Court then denied his related writ applications.[3]

After various post-conviction proceedings in the state courts, petitioner filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.[4] That federal application was dismissed as untimely filed.[5] He did not appeal.

Petitioner thereafter filed the instant petition seeking habeas corpus relief in the United States District Court for the District of Columbia. That court then transferred the matter to the

---

[1] State v. Ferguson, 43 So.3d 291, 292-93 (La. App. 4th Cir. 2010).
[2] Id.
[3] State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1743); State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1744).
[4] He originally sought relief pursuant to 28 U.S.C. § 2241. However, he subsequently sought and was granted permission to withdraw that request and to instead seek relief pursuant to § 2254.
[5] Ferguson v. Goodwin, Civ. Action No. 16-2521, 2017 WL 2243035 (E.D. La. Mar. 20, 2017), adopted, 2017 WL 2226313 (E.D. La. May 19, 2017).

United States District Court for the Western District of Louisiana,[6] which, in turn, transferred the case to this Court.[7]

However, because petitioner has already filed a prior § 2254 application that was dismissed with prejudice, this Court has no jurisdiction to consider his "second or successive" habeas petition until he first obtains authorization for its filing from the United States Fifth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 152 (2007).[8] As the United States Supreme Court explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Burton, 549 U.S. at 152-53.

In that this Court lacks jurisdiction to consider petitioner's application, the question is how to proceed. Two options are available: transfer this matter to the United States Fifth Circuit Court of Appeals for the required authorization or dismiss it for lack of jurisdiction.

As a routine practice, this District normally elects to pursue the former course. In *In re Epps*, 127 F.3d 364 (5th Cir. 1997), the United States Fifth Circuit Court of Appeals indicated that such transfers were appropriate and established a procedure for handling them. However, while

---

[6] Rec. Doc. 5.
[7] Rec. Doc. 10.
[8] Although petitioner's prior § 2254 application was dismissed as untimely, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See *In re* Flowers, 595 F.3d 204, 205 (5th Cir. 2009).

such transfers are appropriate, they are not mandatory.  See, e.g., Wetzel v. LeBlanc, Civ. Action No. 13-5913, 2013 WL 5739082, at *2 (E.D. La. Oct. 22, 2013); Jacquet v. Cooper, Civ. Action No. 6:12-cv-0403, 2012 WL 2049951, at *3 (W.D. La. May 9, 2012), adopted, 2012 WL 2050085 (W.D. La. June 5, 2012).

Here, the undersigned recommends that the Court deviate from its normal practice.  The undersigned has reviewed petitioner's application and can say with no hesitation whatsoever that the application is utterly nonsensical.  To construe the application in part as a motion for authorization and transfer it to the United States Fifth Circuit Court of Appeals would only burden the Court of Appeals with a wholly frivolous filing with no reasonable expectation that authorization for the filing would be granted.  Therefore, the undersigned recommends that the application instead be dismissed for lack of subject matter jurisdiction in the interest of judicial economy.  Of course, this action would not prohibit petitioner from filing a motion for authorization directly with the Court of Appeals if he so desires.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition for federal habeas corpus relief filed by Terry Matthew Ferguson be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. [9]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[9] If this recommendation is rejected, then the undersigned alternatively recommends that the application be construed in part as a motion for authorization and transferred to the United States Fifth Circuit Court of Appeals pursuant to the Epps procedure.

4

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this second day of January, 2018.

                                                                    *Janis van Meerveld*
                                                          **JANIS VAN MEERVELD**
                                                          **UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.